IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 FEB 13 A 10: 01

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JAMES MILAN, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| | ) |
| v. | ) 2:07-CV-131-MHT |
| | ) |
| COOPER LIGHTING, INC., | ) |
| A Delaware Corporation, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Defendant, Cooper Lighting, Inc., a Delaware Corporation ("CLI") hereby removes case number 69-CV-2007-90000500 from the Circuit Court of Barbour Alabama, Birmingham District on the following grounds:

1.

On or about January 12, 2007, Plaintiff James Milan ("Plaintiff") filed a civil action against CLI in the Circuit Court of Barbour Alabama. Plaintiff served the Summons and Complaint on CLI on January 17, 2007. A copy of Plaintiff's Complaint is attached as Exhibit A.

2.

CLI has 30 days from January 17, 2007, the date the Complaint was served on CLI, or until February 16, 2007, to file its Notice of Removal. Therefore, this Notice of Removal is timely filed within thirty days of service of the Complaint, as required by 28 U.S.C. §§ 1446(d).

3.

Defendant CLI is a Delaware Corporation and not a citizen of Alabama for purposes of diversity. Plaintiff does not dispute CLI is a foreign corporation. Complaint at ¶ 3. Moreover, the amount in controversy exceeds $75,000 based on Plaintiff's pursuit of damages under state law for "back pay," "front pay," "liquidated damages," and "attorney's fees."

4.

Plaintiff has attempted to avoid this Court's jurisdiction by seeking back pay, front pay, liquidated damages, and attorney's fees, amounts clearly in excess of $75,000.00, but simultaneously claiming that he is "waiving any recovery in this action above $74,999.00."[1] Despite Plaintiff's artful pleading, however, Alabama Rule of Civil Procedure 54(c) allows a fact finder to give any amount a party is entitled to, even if he asks for less. Plaintiff has not limited his damages under oath or in a meaningful way and could amend his Complaint at any time – indeed, as detailed *infra*, at ¶ 6 he expressly seeks damages in excess of $100,000.00 as an initial matter. His non-binding disclaimer in his unverified Complaint that he will waive recovery above $74,999.00 is contradictory and simply his disingenuous effort to avoid diversity jurisdiction and removal. Notably, Plaintiff has not demanded a specific amount of damages. Plaintiff's claims meet the amount in controversy requirement based on the allegations in his complaint, the nature of his claims, and the nature of the relief he is pursuing.

5.

Plaintiff brings a cause of action under Ala. Code § 25-1-20, et. seq. in this suit for age discrimination. Ala. Code § 25-1-29 provides that the remedies under this statute are

---

[1] CLI contends Plaintiff's claims are legally and factually baseless but assumes, *arguendo*, that Plaintiff may recover on his claims as alleged in his Complaint for purposes of this Motion.

identical to those under the Age Discrimination in Employment Act.[2] Accordingly, assuming *arguendo*, Plaintiff proved his allegations in the Complaint, he would be entitled to recover back pay, front pay, liquidated damages and attorney's fees. Plaintiff seeks each such category of damages in the Complaint. See Exhibit A at ¶¶ 16-17.

6.

Since Plaintiff's termination his replacement has earned $35,733.43.[3] If Plaintiff received a jury verdict awarding this back pay as of January 31, 2007, and simply an additional one year of combined back pay and front pay as of the date of the verdict in an amount consistent with the current rate of pay for his former position (approximately $20,400.00), he would receive over $55,000.00 in lost wages, exclusive of any additional award for benefits. If Plaintiff proved a "willful" violation of the statute as alleged, he could be entitled to an equal amount of back and front pay as liquidated (double) damages. 29 U.S.C. § 626(b). As a prevailing Plaintiff, he would also be entitled to a recovery of reasonable attorney's fees. 28 U.S.C. §§ 1331-1332; Mingus v. Bellsouth Mobility, Inc., 1999 U.S. Dist. LEXIS 17082, * 14, fn. 4 (M.D. Ala. 1999) (holding attorney's fees authorized by the ADEA are included in calculating the amount in controversy and citing Eleventh Circuit Court of Appeals cases affirming $68,288.00; $29,471.00; and $24,000.00 awards of attorney's fees). Thus, the amount in controversy here easily exceeds $100,000.00, let alone $75,000.00, and satisfies the amount in controversy requirement for removal based on diversity jurisdiction.

- Back pay = $35,733.43

---

[2] The remedies . . . under this article shall be the same as those authorized under the federal Age Discrimination in Employment Act . . . ." Ala. Code § 25-1-29.
[3] The Affidavit of James Davis, Human Resource Director for CLI, attesting to earnings by Plaintiff's replacement and the rate of pay applicable to claims for future lost wages under the controlling CBA applicable at CLI is attached hereto as Exhibit B.

3

- Front pay = $20,400.00
- Liquidated Damages = $56,133.43
- Attorney's Fees in excess of $20,000
- Total: $132,266.86

Despite Plaintiff's artful pleading, even a conservative estimate of damages sought by the Plaintiff demonstrates the amount in controversy is well in excess of $75,000.00.[4]

7.

Because CLI is not a resident of Alabama, Plaintiff (according to his allegations) is a resident of Alabama, and the amount in controversy exceeds $75,000, the Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332.

8.

CLI concurrently is giving notice of this filing to the clerk of the Circuit Court of Barbour County, Alabama.

WHEREFORE, CLI files this Notice of Removal of this case from the Circuit Court of Barbour County, Alabama in which the case is now pending, to the United States District Court for the Middle District of Alabama.

---

[4] Again, CLI does not believe that Plaintiff can factually or legally establish his entitlement to any element of damages but assumes, *arguendo*, Plaintiff can prevail on his claims and establish damages as alleged in his Complaint for purposes of this Motion.

4

Respectfully submitted this ___ day of February, 2007.

                               JACKSON LEWIS LLP
                               1900 Marquis One Tower
                               245 Peachtree Center Ave., N.E.
                               Atlanta, GA 30303-1226
                               Tele: (404)525-8200
                               Fax: (404)525-1173

LEAD COUNSEL:          Emily S. Blumenthal
                               Georgia Bar No. 064065
                               Matthew A. Freeman
                               Georgia Bar No. 275777

LOCAL COUNSEL:        Williams, Potthoff, Williams & Smith, L.L.C.
                               125 South Orange Avenue
                               Eufaula, Alabama 36027-1626
                               Tele: 334-687-5834
                               Fax: 334-687-5722

By: _____
Joel P. Smith, Jr.
ASB-0328-M46J

ATTORNEYS FOR DEFENDANT COOPER LIGHTING, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES MILAN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | |
| COOPER LIGHTING, INC., | ) | |
| A Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify I have served the foregoing **NOTICE OF REMOVAL** by causing a copy to be deposited in the United States mail, first class postage prepaid, to:

> Jerry Roberson, Esq.
> Roberson & Roberson
> 8 Office Park Circle, Suite 150
> Birmingham, AL 35223
>
> Albert Adams, Esq.
> Russel Irby Law Firm
> 257 West Broad Street
> Eufala, AL 36027-0910

This 12th day of February, 2007.

_____
Joel P. Smith, Jr.

# EXHIBIT A



IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

| | |
|---|---|
| JAMES MILAN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CV: 07-900005 |
| ) | |
| COOPER LIGHTING, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

### I. JURISDICTION AND VENUE

1.  This Court's jurisdiction is invoked pursuant to its general jurisdiction over state law disputes arising within Barbour County, Alabama.

2.  The unlawful employment practices and acts of discrimination about which Plaintiff complains were committed within Barbour County, Alabama.

### II. PARTIES

3.  Plaintiff, James Milan, is a citizen of the United States, over the age of forty years, and is a resident of Barbour County, Alabama. He was employed by the Defendant, Cooper Lighting, Inc., (CLI) as an assembler at its Eufaula, Alabama plant which manufactures light fixtures. Plaintiff submits to the jurisdiction of this Court.

4.  Defendant, CLI, is a Delaware corporation and is qualified to do business in Alabama. CLI is doing business in Barbour County, Alabama as it manufactures light fixtures and employs over 500 people at its Eufaula plant. Defendant, CLI is an employer as defined under Alabama Code § 25-1-20 et seq.

### III. COUNT ONE

### AGE DISCRIMINATION

5. Plaintiff adopts and incorporates each and every material allegation contained in paragraphs 1-4 above as if fully set forth herein.

6. The plaintiff has fulfilled all conditions precedent to the institution of this action under Alabama law. The plaintiff timely filed his charge of discrimination within 180 days of the last discriminatory act. The plaintiff timely filed this complaint within 90 days of the receipt of his right-to-sue letter from the E.E.O.C. dated October 16, 2006.

7. Plaintiff was employed by the Defendant CLI for approximately 24 years. At the time of his discharge, he was an assembler. Throughout the Plaintiff's employment with the Defendant, Plaintiff performed his job duties and responsibilities in an exemplary manner, consistently receiving raises and above average annual reviews. Beginning in 2005, the Plaintiff James Milan was subjected to several pretextual disciplinary actions by his employer. On July 27, 2005, Milan was written up for his fourth rule violation and was dismissed. The articulated reasons for Plaintiff's discharge were false and pretextual.

8. Defendant discriminated against the Plaintiff on the basis of his age in violation of Alabama Code § 25-1-20 et seq. Said statute provide that employers are prohibited from discriminating on the basis of age in making termination decisions and in other terms and conditions of employment. Plaintiff alleges that younger workers engaged in the same conduct as he did, and were not disciplined nor discharged.

9. Plaintiff has elected to pursue his remedies solely under Alabama Code § 25-1-20 et seq. Plaintiff is not making any federal claims and is waiving any recovery in

this action above $74,999.00.

10. Plaintiff was covered by a defined benefit pension plan while employed at CLI. New employees are not covered under said plan. Plaintiff alleges that the Defendant CLI is systematically discriminating against older workers by trumping up disciplinary violations against older workers who are covered by the pension plan in an effort to reduce their annual contribution to fund said plan.

11. Plaintiff has sustained mental anguish and emotional distress as a result of his unlawful termination. Plaintiff is entitled to liquidated damages in that he alleges that his termination was willful.

12. Plaintiff alleges that he was replaced with a younger worker.

## IV. PRAYER FOR RELIEF

13. WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial provide relief as follows:

14. Issue a declaratory judgment that the employment practices, polices, procedures, conditions and customs of the Defendant are in violation of Alabama Code § 25-1-20 et seq., a statute which prohibits employers from discrimination on the basis of age in making termination decisions and other terms and conditions of employment.

15. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, employees from continuing to violate Alabama Code § 25-1-20 et seq.

16. Enter an Order requiring the Defendant to make the Plaintiff whole by awarding Plaintiff back pay, liquidated damages, reinstatement into the position Plaintiff would have held if Defendant had not discriminated against him because of his age, and/or front pay compensation for loss of benefits.

17. Plaintiff further prays for such other and further relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees, and expenses incurred in this litigation.

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY.**

                         Respectfully submitted,

                         s/Jerry Roberson
                         Jerry Roberson (ROB010)
                         Roberson & Roberson
                         P.O. Box 380487
                         Birmingham, Alabama 35238-0487
                         Phone Number:    205.981.3906
                         Fax Number:        205.981.3908
                         E-mail: jdratty@charter.net
                                tlbaker@charter.net

Albert H. Adams, Jr., Esq.  (ADA-058)
IRBY LAW FIRM, LLC
P.O. Box 910
Eufaula, Al. 36072

**Please serve the Defendant by certified mail:**

Cooper Lighting Company, Inc.
The Corporation Company
200 Interstate Parkway Drive, Ste. 204
Montgomery, Al. 36109

# EXHIBIT
# B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES MILAN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:07-CV-131-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| COOPER LIGHTING, INC., | ) | |
| A Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF JAMES DAVIS REGARDING STATEMENT OF WAGES OF JAMES MILAN

I, James Davis, hereby depose, affirm under the penalties of perjury, and attest as follows:

1.

I am over eighteen (18) years of age and I am competent to testify to the matters stated herein. This affidavit is based on my own personal knowledge.

2.

Cooper Lighting, Inc. ("CLI") manufactures light fixtures.

3.

I am the Manager, Employee Relations for CLI's Eufaula facility.

4.

James Milan's compensation during his employment at CLI was a product of the Collective Bargaining Agreement ("CBA") with the International Brotherhood of Electrical Workers AFL-CIO. The rate of pay for that position has continued to be dictated by the controlling CBA.

5.

At the time of his termination, Mr. Milan was paid at an hourly rate of $9.85. On September 25, 2005, the rate for this position under the CBA increased to $10.20 per hour. As of January 31, 2007, Mr. Milan's replacement, an existing employee, has worked approximately 2,946.05 hours of non-overtime and 222 hours of overtime since Mr. Milan's termination for a total gross compensation of $33,309.43. In October of 2006, all the employees covered by the CBA received a lump sum $1,200.00 one-time payment. Mr. Milan would also have been eligible to receive a minimum of $816.00 in vacation pay benefits from the time of his termination until the present. The total compensation Mr. Milan would have earned from wages, vacation, and the one-time payment in October 2006 from the date of his termination through January 31, 2007 is approximately $35,733.43.

6.

Compensation for an additional year of wages would total approximately $20,400.00 for an individual working full-time as an assembler in the Halo Department at the Eufaula facility without overtime.

7.

I have reviewed Mr. Milan's Complaint, specifically ¶¶ 16-17 wherein he seeks to recover back pay, front pay, liquidated (double) damages, and attorney's fees. Simply adding Mr. Milan's back pay through January 31, 2007, approximately $36,000.00, and at least one year's front pay, $20,400.00 or higher, and doubling this amount, I calculate in excess of One Hundred Thousand Dollars ($100,000.00) is in controversy, before allowing for any attorney's fees.

8.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct, and based upon my personal knowledge.

Executed on this 9th day of January, 2007.

_____
JAMES DAVIS

3