IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES MILAN, | ) |
| | ) |
| Plaintiff, | )   CIVIL ACTION NO.  2:07-cv-131-MHT |
| | ) |
| v. | ) |
| | ) |
| COOPER LIGHTING, INC., | ) |
| A Delaware Corporation, | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Defendant Cooper Lighting, Inc. ("CLI") hereby answers the Complaint of James Milan ("Milan") and states:

### I.  JURISDICTION AND VENUE

1.

Answering Paragraph 1 of the Complaint, CLI acknowledges that Plaintiff seeks to invoke the general jurisdiction of the Circuit Court of Barbour County, Alabama.  To the extent, however, Plaintiff's allegations of jurisdiction imply that this action is proper or that Plaintiff has any valid claim or is entitled to any remedy or relief in this action, such inference is denied.  CLI denies any remaining allegations in Paragraph 1 of the Complaint.

2.

Answering Paragraph 2 of the Complaint, CLI denies that any unlawful employment practices or acts of discrimination which Plaintiff alleges were committed within Barbour County, Alabama or elsewhere.  CLI denies any remaining allegations in Paragraph 2 of the Complaint.

## II. PARTIES

3.

Answering Paragraph 3 of the Complaint, CLI acknowledges that it has employed Milan as an assembler and he is over the age of 40. CLI denies any remaining allegations in Paragraph of the Complaint.

4.

CLI admits it is a Delaware corporation that is qualified to do business in Alabama and that it employs more than 500 employees in the operation of its business in Eufaula, Alabama. Plaintiff's allegation that CLI is an employer as defined under Alabama Code § 25-1-20, et seq. is a legal conclusion requiring neither a response nor an admission or denial. To the extent this legal conclusion implies that this action is proper or that Plaintiff has any valid claim or is entitled to any remedy or relief in this action, such inference is denied. CLI denies any remaining allegations in Paragraph 4 of the Complaint.

## III. COUNT ONE

### AGE DISCRIMINATION

5.

CLI incorporates by reference and makes a part hereof its responses to Paragraphs 1 through 4 of the Complaint.

6.

CLI admits Plaintiff filed a charge on or about December 2, 2005 and that the Equal Employment Opportunity Commission issued a determination concluding it had no cause to conclude that a violation of the Age Discrimination in Employment Act or any other statute it enforces had occurred. CLI denies all remaining allegations in Paragraph 6 of the Complaint.

7.

CLI denies the allegations in Paragraph 7 of the Complaint.

8.

CLI denies the allegations in Paragraph 8 of the Complaint.

9.

CLI acknowledges that Plaintiff asserts he is pursuing his remedies solely under Alabama Code § 25-1-20, et seq. and that he waives any recovery above $74,999.00. To the extent these allegations imply that this action is proper or that Plaintiff has any valid claim or is entitled to any remedy or relief in this action, such inference is denied. CLI denies any remaining allegations in Paragraph 9 of the Complaint.

10.

CLI denies the allegations in Paragraph 10 of the Complaint.

11.

CLI denies the allegations in Paragraph 11 of the Complaint.

12.

CLI admits Plaintiff alleges he was replaced with a younger worker.

13.

Paragraph 13 is part of Plaintiff's prayer for relief, lacks any factual allegation, and does not require a response or an admission or denial. CLI denies this action is proper or that Plaintiff has any valid claim or is entitled to any remedy or relief in this action. CLI denies any remaining allegations in Paragraph 13 of the Complaint.

14.

Paragraph 14 is part of Plaintiff's prayer for relief, lacks any factual allegation, and does not require a response or an admission or denial. CLI denies this action is proper or

that Plaintiff has any valid claim or is entitled to any remedy or relief in this action. CLI denies any remaining allegations in Paragraph 14 of the Complaint.

15.

Paragraph 15 is part of Plaintiff's prayer for relief, lacks any factual allegation, and does not require a response or an admission or denial. CLI denies this action is proper or that Plaintiff has any valid claim or is entitled to any remedy or relief in this action. CLI denies any remaining allegations in Paragraph 15 of the Complaint.

16.

Paragraph 16 is part of Plaintiff's prayer for relief, lacks any factual allegation, and does not require a response or an admission or denial. CLI denies this action is proper or that Plaintiff has any valid claim or is entitled to any remedy or relief in this action. CLI denies any remaining allegations in Paragraph 16 of the Complaint.

17.

Paragraph 17 is part of Plaintiff's prayer for relief, lacks any factual allegation, and does not require a response or an admission or denial. CLI denies this action is proper or that Plaintiff has any valid claim or is entitled to any remedy or relief in this action. CLI denies any remaining allegations in Paragraph 17 of the Complaint.

18.

Unless otherwise responded to herein, CLI denies the remaining allegations in the Complaint.

**AFFIRMATIVE OR OTHER DEFENSES**

In addition or in the alternative, CLI states:

**FIRST DEFENSE**

The Complaint should be dismissed, in whole or in part, because some or all of Plaintiff's allegations do not state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Complaint is barred, in whole or in part, because Plaintiffs' own conduct proximately caused his alleged injuries.

**THIRD DEFENSE**

The Complaint is barred, in whole or in part, because CLI has at all relevant times acted reasonably and in good faith towards Plaintiff.

**FOURTH DEFENSE**

The Complaint is barred, in whole or in part, to the extent Plaintiff seeks to recover damages in excess of the amounts allowed or provided by law.

**FIFTH DEFENSE**

The Complaint is barred, in whole or in part, by the applicable statute of limitations.

**SIXTH DEFENSE**

The Complaint is barred, in whole or in part, because the damages allegedly suffered by Plaintiff are too remote to form the basis of any recovery against CLI.

**SEVENTH DEFENSE**

The Complaint is barred, in whole or in part, because the actions complained of by Plaintiff were based on reasonable factors other than age within the meaning of the ADEA and Alabama Code § 25-1-20, et seq.

**EIGHTH DEFENSE**

Any claim for discrimination is barred or recovery of damages is precluded because CLI exercised reasonable care to prevent and correct promptly any alleged discriminatory conduct.

**NINTH DEFENSE**

Any claim for discrimination is barred or recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of CLI's preventive or corrective mechanisms or to otherwise avoid harm.

**TENTH DEFENSE**

The Complaint is barred, in whole or in part, because all actions CLI has taken with respect to Plaintiff has been for legitimate, nondiscriminatory reasons.

**ELEVENTH DEFENSE**

The Complaint is barred, in whole or in part, by the doctrines of unclean hands, estoppel, waiver, after-acquired evidence, or laches.

**TWELFTH DEFENSE**

The Complaint is barred, in whole or in part, because even if any adverse employment decisions made by CLI were motivated by age, which they were not, CLI would have made the same decisions regardless.

**THIRTEENTH DEFENSE**

The Complaint is barred, in whole or in part, to the extent Plaintiff failed to exhaust administrative remedies or comply with the jurisdictional prerequisites to filing suit under the ADEA and Alabama Code § 25-1-20, et seq.

### FOURTEENTH DEFENSE

The Complaint is barred because any action taken by CLI with respect to Plaintiff was based solely on good cause pursuant to the ADEA and Alabama Code § 25-1-20, et seq.

### FIFTEENTH DEFENSE

To the extent Plaintiff assert or attempt to assert claims other than those age discrimination claims raised in the underlying charge of discrimination filed with the EEOC, such claims are barred for failure to fulfill all the conditions precedent to maintaining such claims.

### SIXTEENTH DEFENSE

CLI has not engaged in any willful violation of the ADEA or Alabama Code § 25-1-20, et seq., and, therefore, cannot be liable for liquidated damages under the ADEA or and Alabama Code § 25-1-20, et seq.

### SEVENTEENTH DEFENSE

The Complaint is barred, in whole or in part, to the extent Plaintiff failed to exhaust opportunities to address workplace issues under the Collective Bargaining Agreement between CLI and the Local Union of the International Brotherhood of Electrical Workers AFL-CIO, CLC, in effect during his employment.

### EIGHTEENTH DEFENSE

The Complaint is barred, in whole or in part, to the extent Plaintiff alleges that his treatment violated his rights under the Collective Bargaining Agreement between CLI and the Local Union of the International Brotherhood of Electrical Workers AFL-CIO, CLC, in effect during his employment, because such an allegation is preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

## NINETEENTH DEFENSE

CLI reserves the right to amend its answer and to add any defenses or counterclaims which may become known during discovery.

WHEREFORE having fully answered the Complaint, CLI respectfully requests:

(a) Judgment be entered in their favor and all claims asserted in this action be dismissed with prejudice;

(b) Judgment be entered against Plaintiffs in favor of CLI for all costs and attorneys' fees incurred by CLI in defense of this action; and

(c) CLI have and recover such other relief and further relief as the Court may deem just and proper.

CLI submits a jury demand in this action.

Respectfully submitted this 16th day of February, 2007.

LEAD COUNSEL: **Matthew A. Freeman**
Emily S. Blumenthal
Georgia Bar No. 064065
Matthew A. Freeman
Georgia Bar No. 275777
Counsel for Defendant
Jackson Lewis LLP
1900 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303-1226
T: (404) 525-8200
F: (404) 525-1173

LOCAL COUNSEL: Joel P. Smith, Jr., Esq.
Williams, Potthoff, Williams & Smith, L.L.C.
125 South Orange Avenue
Eufaula, Alabama 36027-1626
Tele: 334-687-5834
Fax: 334-687-5722

ATTORNEYS FOR DEFENDANT COOPER LIGHTING, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| JAMES MILAN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.  2:07-cv-131-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| COOPER LIGHTING, INC., | ) | |
| A Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2007, I electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

    Jerry Roberson, Esq.
    Roberson & Roberson
    8 Office Park Circle, Suite 150
    Birmingham, AL 35223

    Albert Adams, Esq.
    Russel Irby Law Firm
    257 West Broad Street
    Eufala, AL 36027-0910

                                            /s/ Matthew A. Freeman_____
                                            Matthew A. Freeman