**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

ELEPHONE (334) 954-3600

March 23, 2007

# NOTICE OF CORRECTION

FROM:       Clerk's Office

Case Style:  James Milan v. Cooper Lighting, Inc.

Case No.:   2:07cv131-MHT
           Document 13 Brief/Memorandum in Opposition

This Notice of Correction was filed in the referenced case this date to attach the corrected Exhibit 2 to this document. A copy of the corrected Exhibit 2 is also attached to this Notice of Correction.



Jackson Lewis LLP
1900 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1226
Tel 404 525-8200
Fax 404 525-1173
www.jacksonlewis.com

ATLANTA GA
BOSTON, MA
CHICAGO IL
CLEVELAND OH
DALLAS, TX
GREENVILLE SC
HARTFORD CT
HOUSTON, TX
LONG ISLAND, NY

LOS ANGELES, CA
MIAMI FL
MINNEAPOLIS, MN
MORRISTOWN NJ
NEW YORK, NY
ORANGE COUNTY CA
ORLANDO, FL
PITTSBURGH, PA
PORTLAND, OR

PROVIDENCE, RI
RALEIGH-DURHAM NC
RICHMOND, VA
SACRAMENTO, CA
SAN FRANCISCO CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

March 8, 2007

**VIA ELECTRONIC & FIRST-CLASS MAIL**

Jerry Dean Roberson
Roberson & Roberson
3765 Kinross Drive
P.O. Box 380487
Birmingham, AL 35238-0487

            Re:     James Milan v. Cooper Lighting
                     Case No. 2:07cv131-MHT (M.D. Ala.)

Dear Jerry:

      We received the petition to remand you filed on behalf of Plaintiff James Milan on March 6, 2007. Unfortunately, the petition and accompanying affidavit do not clarify the ambiguity that caused our client, Defendant Cooper Lighting, Inc. ("CLI") to remove this case in the first place. The petition for remand and accompanying affidavit state that your client is willing to "waive" damages in excess of $75,000. Nowhere, however, has Mr. Milan stated that he no longer "seeks" damages of more than $75,000. There is a significant difference between seeking damages of $75,000 or more during the course of a case (and seeking to litigate the issue of damages therein putting such damages in controversy) and being willing to waive damages at the conclusion of a case. It appears you and your client still intend to seek or pursue damages well in excess of $75,000 and to conduct discovery on damages in excess of $75,000, as sought in the complaint. Your recent filings merely clarify a willingness to limit or waive sums in excess of $74,999 of the damages Mr. Milan will accept, should he prevail, after a verdict. We believe such a position still makes diversity jurisdiction appropriate as it places the damages being sought in excess of the $75,000 amount in controversy. This issue, however, is easy to clarify for the record.

      We request that your client simply provide a sworn statement that he is "seeking" damages of less than $75,000. Such a statement would resolve the conflict between the damages sought in your client's complaint (amounting to more than $75,000) and your client's statement that he is willing to waive recovery in excess of $75,000. Unless and until Mr. Milan chooses to make a clear statement disavowing any claim for damages above $75,000 and to make clear that he does not seek an amount above $75,000 or seek to place $75,000 in controversy, we will be forced to litigate purported damages in excess of $75,000 and, with good cause, will oppose the petition to remand based on this controversy.



Jerry Dean Roberson, Esq.
Roberson & Roberson
March 8, 2007
Page 2

Please let us know by Wednesday, March 14, 2007, whether Mr. Milan will state on the record that he does not "seek" damages in excess of $75,000. We look forward to receiving clarification on this important issue. Unless you confirm this in the designated time frame, we will assume you and Mr. Milan are unwilling to clarify this issue and are seeking to avoid the federal court's jurisdiction while seeking discovery on and a verdict of damages in excess of $75,000.

Very truly yours,

JACKSON LEWIS LLP

Matthew A. Freeman

MAF/tr
cc:   Emily S. Blumenthal, Esq. (JL-ATL)